UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 11, 2013

LETTER TO COUNSEL:

      RE:   *Dorothy Moser v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-3450

Dear Counsel:

      On November 30, 2011, the Plaintiff, Dorothy Moser, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Moser filed her claim for benefits on July 11, 2008, claiming disability beginning on November 2, 1998. (Tr. 122-31). For the purposes of DIB, her date last insured was December 31, 2003, so she needed to establish disability on or before that date. (Tr. 12). Her claim was denied initially on September 29, 2008, and on reconsideration on February 24, 2009. (Tr. 75-78, 83-84). Following a hearing on March 1, 2010, an Administrative Law Judge ("ALJ") denied benefits on May 3, 2010. (Tr. 23-72, 7-22). The Appeals Council denied Ms. Moser's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Moser suffered from the severe impairments of fibromyalgia and degenerative joint disease of the hips and knees with associated joint and muscle pain. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Moser retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b). (Tr. 15). The ALJ therefore determined that Ms. Moser could perform her past relevant work as a bank teller and mortgage company foreclosing specialist prior to her date last insured, and that she was therefore not disabled during that time frame. (Tr. 17-18).

      Ms. Moser presents five arguments in support of her appeal: (1) that her mental impairments should have been deemed severe; (2) that her RFC fails to include a limitation for degenerative joint disease; (3) that the ALJ failed to present an adequate narrative discussion in

support of her RFC; (4) that the ALJ erroneously considered the opinion of her treating physician, Dr. Kim; and (5) that the determination that she can perform her past relevant work is not supported by substantial evidence. Each argument lacks merit.

First, Ms. Moser asserts that the ALJ should have identified her mental impairments as severe. Pl. Mot. 3-4. An impairment is considered "severe" if it *significantly limits* the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a) (emphasis added). The claimant bears the burden of proving that her impairment is severe. *Johnson v. Astrue,* Civil Action No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir.1995)). The ALJ properly applied the special technique used to evaluate mental impairments, (Tr. 13-14), and cited to substantial evidence to support his determination with respect to each of the four functional areas. I can find no error in the ALJ's analysis, which focused on the evidence reported in the medical records prior to the date last insured and Ms. Moser's own reports regarding her activities of daily living. Moreover, even if I were to find the ALJ erred in his evaluation of Ms. Moser's impairments at step two, such error would be harmless. Because Ms. Moser made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Moser's ability to work. *See* 20 C.F.R. § 404.1523.

Second, Ms. Moser argues that her RFC fails to include any limitation for degenerative joint disease. Pl. Mot. 7-8. However, an ALJ is not required to include a limitation in an RFC corresponding to each severe impairment. The issue is properly framed as whether Ms. Moser, with her degenerative joint disease, is capable of performing the tasks permitted by the RFC. The ALJ provided a several page analysis of the evidence of record, which included that X rays showed only mild degenerative changes, that only conservative treatment was prescribed, that examiners found "no impairment of her strength or range of motion of her upper or lower extremities or spine," and that Ms. Moser's activities of daily living during the relevant time period included cleaning, gardening, driving, exercise, and social activities. (Tr. 16-17). Remand is therefore unwarranted.

Third, Ms. Moser makes a boilerplate argument, with no specific reference to the ALJ's opinion in her case, suggesting that the ALJ failed to provide a fully detailed narrative discussion of her RFC. Pl. Mot. 8. I disagree. The ALJ provided a three-page written narrative on the RFC alone, in which he summarized Ms. Moser's hearing testimony and written statements for the record, made a credibility determination, reviewed the objective findings from diagnostic studies, summarized the treatment records, considered Ms. Moser's activities of daily living, and assigned weight to the opinion evidence. (Tr. 15-17). Ms. Moser's boilerplate argument is therefore entirely inapplicable in this case.

Fourth, Ms. Moser asserts that the ALJ erred in assigning minimal weight to the opinions of her treating psychiatrist, Dr. Hei-Jung Kim. Pl Mot. 4, 8-13. Despite Ms. Moser's contention that the ALJ failed to evaluate the opinions, the ALJ expressly evaluated the opinions. (Tr. 17). The ALJ expressly noted that Dr. Kim's opinions were not supported by (1) her own treatment

records during the relevant time frame, (2) the conservative nature of Ms. Moser's medical care, and (3) Ms. Moser's admitted activities of daily living prior to the date last insured. *Id.* Essentially, the ALJ found that the opinions rendered by Dr. Kim in 2008, almost five years after the date last insured, stand in contrast to the evidence of Ms. Moser's condition during the relevant time frame. My review of the record does not reveal any error in the ALJ's analysis.

Finally, Ms. Moser contends that the ALJ erred in determining that she was capable of her past relevant work. However, Ms. Moser does not contend that the ALJ misclassified the requirements of her past relevant work as light work as a bank teller or sedentary work as a mortgage company foreclosure specialist. As a result, if the RFC for a full range of light work was supported by substantial evidence, then the ALJ's determination that Ms. Moser could perform her past relevant work was correct. As described above, the RFC survives scrutiny, and there is therefore no cause to remand the case on the past relevant work determination.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge